1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
# SOUTHERN DISTRICT OF CALIFORNIA
10
11
KWESI KHARY MUHAMMAD,
CDCR #P-84376,

12
                                      Plaintiff,
13

Civil No.    07-1430 IEG (PCL)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**

14
15
                vs.
16
17
18
SAN DIEGO COUNTY SHERIFF'S DEP'T, et al.,
19
20
                                      Defendants.
21

**(2)  SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1).**

22
23
24       Plaintiff, a state inmate currently incarcerated at the California State Prison located in

25 Vacaville, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42

26 U.S.C. § 1983.  Before this Court screened Plaintiff's Complaint, he filed a First Amended

27 Complaint pursuant to FED.R.CIV.P. 15(a) [Doc. No. 3].  Plaintiff has not prepaid the $350 filing

28 fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion

1    to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

2    **I.      Motion to Proceed IFP**

3          Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

4    district court of the United States, except an application for writ of habeas corpus, must pay a

5    filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to

6    prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C.

7    § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave

8    to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of

9    whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

10          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

11    prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

12    statement (or institutional equivalent) for the prisoner for the six-month period immediately

13    preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).  From the certified trust account

14    statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

15    in the account for the past six months, or (b) the average monthly balance in the account for the

16    past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

17    § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must

18    collect subsequent payments, assessed at 20% of the preceding month's income, in any month

19    in which the prisoner's account exceeds $10, and forward those payments to the Court until the

20    entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

21          The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

22    § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

23    28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that

24    he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4)

25    (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or

26    appealing a civil action or criminal judgment for the reason that the prisoner has no assets and

27    no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that

28    28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

1   based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

2   ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and

3   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

4   balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

5   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

6   **II.      Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

7         **A.      Standard of Review**

8         The PLRA also obligates the Court to review complaints filed by all persons proceeding

9   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

10  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

11  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

12  practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

13  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

14  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

15  defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254

16  F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

17  to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that

18  28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma*

19  *pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir.

20  2000) (§ 1915A).

21        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

22  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

23  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

24  324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

25  reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

26  service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*,

27  254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

28  604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

1  "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d

2  1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

3       "[W]hen determining whether a complaint states a claim, a court must accept as true all

4  allegations of material fact and must construe those facts in the light most favorable to the

5  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

6  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

7  1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

8  *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

9  important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In

10  giving liberal interpretation to a pro se civil rights complaint, however, the court may not

11  "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of*

12  *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

13       Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

14  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

15  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

16  United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122

17  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

18       **B.    Statute of Limitations**

19       The Court finds that Plaintiff's First Amended Complaint is subject to sua sponte

20  dismissal because it appears from the face of Plaintiff's pleading that his claims are barred by

21  the statute of limitations.  While Congress has provided no federal statute of limitations

22  governing section 1983 claims, the Supreme Court has held that federal courts should use the

23  forum state's single most appropriate statute of limitations applicable to personal injury actions

24  for all section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985).  Relying on *Wilson*,

25  the Ninth Circuit has found that the one-year statute of limitations of California Code of Civil

26  Procedure § 340(3)[1] is the most appropriate.  *Usher v. City of Los Angeles*, 828 F.2d 556, 558

27  _____

28       [1]  California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ."  CAL. CIV. PROC. CODE § 340(3).  On January 1, 2003, this code section

1   (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

2   Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*,

3   490 U.S. 536, 543-44 (1989).  Under federal law, a claim generally accrues when the plaintiff

4   "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of*

5   *Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

6          Plaintiff alleges that his constitutional rights were violated when he was arrested and held

7   in the San Diego County Jail in January 2000.  (FAC at 1.)  Thus, at the latest, Plaintiff's claims

8   arose in 2000.  However, Plaintiff filed this action on August 6, 2007, over seven years after he

9   claims that Defendants violated his constitutional rights.

10         Plaintiff does not allege any facts to suggest how or why California's one-year statute

11  of limitations might be tolled for a period of time which would make his claims timely.  *See*,

12  *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during

13  a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL.

14  CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January

15  1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the

16  statute would result in a "manifest injustice.").  Due to Plaintiff's incarceration, pursuant to *Fink*,

17  Plaintiff's claims against Defendants, accruing in 2000, would be tolled for two years.

18  California's one-year statute of limitations would then begin to run -- requiring Plaintiff to file

19  this action against these Defendants no later than sometime in 2003 or 2004 if the later statute

20  of limitations is applied to Plaintiff's action.  However, Plaintiff's Complaint was not filed until

21  August 6, 2007.

22         Generally, federal courts also apply the forum state's law regarding equitable tolling.

23  *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).  Under

24  California law, however, a plaintiff must meet three conditions to equitably toll a statute of

25  limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product

26

27  was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.
    However, the longer period found in § 335.1 is inapplicable to Plaintiff's action.  *See Maldonado v.*
28  *Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute
    of limitations will not apply to claims already barred under the prior statute of limitations unless the
    Legislature explicitly provides for such an extension).

1   of forces beyond his control; and (3) the defendants must not be prejudiced by the application

2   of equitable tolling.   *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328,

3   1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978);

4   *Fink*, 192 F.3d at 916.  Here, however, Plaintiff has failed to plead any facts which, if proved,

5   would support the equitable tolling of his claims.  *See Cervantes v. City of San Diego*, 5 F.3d

6   1273, 1277 (9th Cir. 1993).

7           **C.**     **Municipal Liability Claims**

8           Additionally, Plaintiff has named the San Diego County Sheriff's Department as a

9   Defendant in this matter.  An agency or department of a municipal entity is not a proper

10  defendant under § 1983.  *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal.

11  1996).  Rather, the county or city itself is the proper defendant.  *See Id.*  "[A] municipality

12  cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality

13  cannot be held liable under § 1983 on a respondeat superior theory."  *Monell v. Department of*

14  *Social Services*, 436 U.S. 658, 691 (1978).  A municipality may be liable under § 1983 for

15  monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by

16  the implementation or execution of "a policy statement, ordinance, regulation, or decision

17  officially adopted and promulgated by that body's officers."  *Monell*, 436 U.S. at 690; *Board of*

18  *the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v.*

19  *Block*, 72 F.3d 712, 714 (9th Cir. 1995).

20          To establish municipal liability, plaintiff must show:  (1) he was deprived of a

21  constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference

22  to plaintiff's constitutional right; and (4) the policy was the "moving force behind the

23  constitutional violation."  *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see*

24  *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v.*

25  *Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Thus, in order to state a § 1983 claim against San

26  Diego County, Plaintiff must allege facts showing that his injury was caused by individual

27  officers whose conduct conformed to an official city policy, custom or practice.  *See Karim-*

28  *Panahi*, 839 F.2d at 624.

1    Therefore, even were the Court to liberally construe the First Amended Complaint as

2  attempting to state a claim against San Diego County, Plaintiff has not stated a § 1983 claim

3  because he has failed to allege that any individual police officer's conduct conformed to an

4  official city policy, custom or practice.

5    Thus, Plaintiff's First Amended Complaint must be dismissed for failing to state a claim

6  upon which section 1983 relief may be granted.  *See* 28 U.S.C. § § 1915(e)(2) & 1915A(b)(1).

7  **III.    Conclusion and Order**

8    Good cause appearing, **IT IS HEREBY ORDERED** that:

9    (1)    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

10    (2)    The Secretary of California Department of Corrections and Rehabilitation, or his

11  designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing

12  fee owed in this case by collecting monthly payments from the trust account in an amount equal

13  to twenty percent (20%) of the preceding month's income credited to the account and forward

14  payments to the Clerk of the Court each time the amount in the account exceeds $10 in

15  accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY

16  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

17    (3)    The Clerk of the Court is directed to serve a copy of this Order on James Tilton,

18  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

19  Sacramento, California, 94283-0001.

20    **IT IS FURTHER ORDERED** that:

21    (4)    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant

22  to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45)

23  days leave from the date this Order is stamped "Filed" in which to file a Second Amended

24  Complaint which cures all the deficiencies of pleading noted above.   Plaintiff's Amended

25  Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D.

26  Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended

27  Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

28  1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may

1  be granted, it may be dismissed without further leave to amend and may hereafter be counted

2  as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir.

3  1996).

4        (5)      The Clerk of Court is directed to mail a form § 1983 Complaint to Plaintiff.

5

6        **IT IS SO ORDERED.**

7

8  **DATED:  November 2, 2007**

9                                                    **IRMA E. GONZALEZ, Chief Judge**
10                                                   **United States District Court**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28