1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

KWESI KHARY MUHAMMAD,
CDCR #P-84376,

                              Plaintiff,

            vs.

SAN DIEGO COUNTY SHERIFF'S
DEP'T, et al.,

                              Defendants.

Civil No.    07-1430 IEG (PCL)

**ORDER SUA SPONTE DISMISSING
SECOND AMENDED COMPLAINT
FOR FAILING TO STATE A CLAIM
PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)
AND § 1915A(b)(1).**

**I.      Procedural History**

            On August 6, 2007, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Vacaville, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Before this Court screened Plaintiff's Complaint, he filed a First Amended Complaint pursuant to FED.R.CIV.P. 15(a) [Doc. No. 3]. In addition, Plaintiff  filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

            This Court granted Plaintiff's Motion to Proceed IFP on November 2, 2007 but sua sponte dismissed his First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.

1    The Court also granted Plaintiff leave to file a Second Amended Complaint in order to

2    correct the deficiencies of pleading identified by the Court in the November 2 Order.   On

3    December 20, 2007, Plaintiff filed his Second Amended Complaint ("SAC").

4    **II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

5         **A.      Standard of Review**

6         As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")

7    obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

8    Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or

9    adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

10   probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

11   *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these provisions, the Court must sua sponte

12   dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails

13   to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §

14   1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

15   provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d

16   1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but

17   requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

18   claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

19        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

20   dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

21   frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

22   324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

23   reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

24   service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*,

25   254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

26   604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

27   "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d

28   1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In Plaintiff's Second Amended Complaint, his sole claim is that an unnamed Sheriff's Deputy violated his Eighth Amendment rights by imposing "excessive bail" when he was arrested in 2003. (SAC at 3.) As the Ninth Circuit has recently stated, "the opening clause of the Eighth Amendment, '[e]xcessive bail shall not be required,' is one of the least litigated provisions in the Bill of Rights. *Galen v. County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007).

In his Second Amended Complaint, Plaintiff alleges that an unnamed Sheriff Deputy "unlawfully set the bail amount" for Plaintiff's misdemeanor arrest at $80,000 when instead, it should have been set at $500.00. (SAC at 5.) To determine whether Plaintiff has alleged facts sufficient to state a claim regarding the violation of the Excessive Bail clause, "we look to the valid state interests bail is intended to serve for a particular individual and judge whether bail conditions are excessive for the purpose of achieving those interests." *See Galen*, 477 F.3d at 660.

Here, Plaintiff sets forth no facts with regard to the nature of the hearing at which bail was actually determined.  In California, bail determinations are regulated by a "comprehensive statutory scheme" and it is required that there is open hearing where bail is set by a judicial officer.  *Id.*   Moreover, the Plaintiff has alleged no facts from which the Court could find a connection between the actions of this unnamed Sheriff Deputy and the judicial officer who ultimately set Plaintiff's bail at an amount he claims to be excessive.  Plaintiff must allege facts sufficient to show that the named Defendant was the actual cause of the alleged constitutional violation.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).

Plaintiff must allege facts to show that a judicial officer "enhanced his bail for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set."  *Galen*, 477 F.3d at 661.  Plaintiff has not alleged any facts with regard to these esssential elements.  Accordingly, the Court dismisses Plaintiff's Eighth Amendment excessive bail claims for failing to state a claim upon which relief can be granted.  *See* 28 U.S.C. § § 1915(e)(2) & 1915A(b)(1).

**III.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter

1   be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-

2   79 (9th Cir. 1996).

3          (2)     The Clerk of Court is directed to mail a form § 1983 Complaint to Plaintiff.

4          **IT IS SO ORDERED.**

5

6   **DATED:  February 5, 2008**

7                                                      **IRMA E. GONZALEZ, Chief Judge**

8                                                      **United States District Court**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28