

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| KWESI KHARY MUHAMMAD,<br>CDCR #P-84376,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>SAN DIEGO COUNTY SHERIFF'S<br>DEP'T, et al.,<br><br>                                    Defendants. | Civil No.    07-1430 IEG (PCL)<br><br>**ORDER SUA SPONTE DISMISSING<br>THIRD AMENDED COMPLAINT<br>FOR FAILING TO STATE A CLAIM<br>PURSUANT TO<br>28 U.S.C. § 1915(e)(2)(B)(ii)<br>AND § 1915A(b)(1).** |

20    **I.      Procedural History**

21          On August 6, 2007, Plaintiff, a state inmate currently incarcerated at the California State

22    Prison located in Vacaville, California and proceeding pro se, filed a civil rights Complaint

23    pursuant to 42 U.S.C. § 1983.  Before this Court screened Plaintiff's Complaint, he filed a First

24    Amended Complaint pursuant to FED.R.CIV.P. 15(a) [Doc. No. 3]. In addition, Plaintiff  filed

25    a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

26          This Court granted Plaintiff's Motion to Proceed IFP on November 2, 2007 but sua sponte

27    dismissed his First Amended Complaint for failing to state a claim pursuant to 28 U.S.C.

28    § 1915(e)(2) & § 1915A.

Dockets.Justia.com

1   The Court also granted Plaintiff leave to file a Second Amended Complaint in order to

2   correct the deficiencies of pleading identified by the Court in the November 2 Order.  On

3   December 20, 2007, Plaintiff filed his Second Amended Complaint ("SAC").  The Court, once

4   again, screened Plaintiff's Second Amended Complaint and dismissed it for failing to state a

5   claim pursuant to 28 U.S.C. § 1915(e)(2) & 1915A.  *See* Feb. 5, 2008 Order at 4-5.  On March

6   17, 2008, Plaintiff filed his Third Amended Complaint ("TAC").

7   **II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

8          **A.    Standard of Review**

9          As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA")

10  obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

11  Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or

12  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

13  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

14  *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these provisions, the Court must sua sponte

15  dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails

16  to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §

17  1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

18  provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d

19  1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but

20  requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

21  claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

22         Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

23  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

24  frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

25  324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

26  reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

27  service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*,

28  254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In Plaintiff's Third Amended Complaint, he seeks to hold an unnamed Sheriff Deputy liable for enhancing Plaintiff's bail in violation of his Eighth Amendment rights. These are the same claims that were the basis for the Court's dismissal of Plaintiff's Second Amended Complaint.

"[T]he opening clause of the Eighth Amendment, '[e]xcessive bail shall not be required,' is one of the least litigated provisions in the Bill of Rights. *Galen v. County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007). In his Third Amended Complaint, Plaintiff alleges that an unnamed Sheriff Deputy mistakenly set his bail at $80,000 when it should have been set at $500. (*See* TAC at 6.) The Court previously informed Plaintiff, in order to hold the Defendant liable, he had to show that this person was the cause of the alleged constitutional violation. As the

1  Court previously stated, in California bail determinations are regulated by a "comprehensive

2  statutory scheme" and it is required that there is an open hearing where bail is set by a judicial

3  officer. *Galen*, 477 F.3d at 659. In other words, despite the preliminary bail determination made

4  by the law enforcement officer, in California it is the judicial officers that are vested with the

5  "exclusive authority to enhance or reduce bail." *Id.* Here, Plaintiff alleges no facts from which

6  the Court could find that any judicial officer failed in their duty, assuming the facts in favor of

7  Plaintiff at this stage, to reduce the excessive bail amount. Moreover the Ninth Circuit made

8  quite clear in *Galen*, that "a judicial officer's exercise of independent judgment in the court of

9  his official duties is a superseding cause that breaks the chain of causation linking law

10  enforcement personnel to the officer's decision." *Id.* (citations omitted).

11       A law enforcement officer can only be held liable for Plaintiff's allegedly excessive bail

12  "if they prevented the [judicial officer] from exercising his independent judgment." *Id.* Plaintiff

13  has not alleged any facts from which the Court could make this determination. Accordingly,

14  Plaintiff's claims must, once again, be dismissed for failing to state a claim upon which section

15  1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez,* 203 F.3d at

16  1126-27; *Resnick*, 213 F.3d at 446. **I**

17  **II.   Conclusion and Order**

18       Good cause appearing, **IT IS HEREBY ORDERED** that:

19       Plaintiff's Third Amended Complaint is **DISMISSED** for failing to state a claim upon

20  which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover,

21  because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time,

22  leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.

23  1996) (denial of a leave to amend is not an abuse of discretion where further amendment would

24  be futile).

25  //

26  //

27  //

28  //

1        The Clerk shall close the file.

2        **IT IS SO ORDERED.**

3   **DATED:  March 26, 2008**

4                                        **IRMA E. GONZALEZ, Chief Judge**
5                                        **United States District Court**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28